696 July 22, 2026 No. 698

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Gloria HALPER,
*Plaintiff-Appellant,*

*v.*

PROVIDENCE MEDICARE ADVANTAGE PLAN
and TruHearing,
*Defendants-Respondents.*

Multnomah County Circuit Court
23CV39685; A185663

David F. Rees, Judge.

Submitted May 13, 2026.

Gloria Halper filed the briefs *pro se*.

J. Aaron Landau and Miller Nash LLP filed the brief for respondent Providence Medicare Advantage Plan.

Daniel J. Nichols, Tanner Pickard, and Jurislaw LLP filed the brief for respondent TruHearing.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Plaintiff appeals a general judgment entered after the trial court granted defendants' motions to dismiss the first amended complaint for failure to state a claim. Plaintiff's claims pertain to an incident in which a hearing clinic employee performed an unlicensed earwax removal procedure during a hearing test, injuring plaintiff. Plaintiff brought this action against her health insurer, Providence Medicare Advantage Plan, and the company that referred her to the clinic, TruHearing. The trial court dismissed with prejudice, and plaintiff appeals, challenging that ruling.

We review the grant of a motion to dismiss for failure to state a claim, ORCP 21 A(1)(h), for legal error. *Eldred v. Oregon Anesthesiology Group*, 347 Or App 169, 170, 587 P3d 364 (2026). Like the trial court, we are to "assume the truth of all allegations in the pleading and view the allegations, as well as all reasonable inferences, in the light most favorable to the nonmoving party." *Strizver v. Wilsey*, 210 Or App 33, 35, 150 P3d 10 (2006), *rev den*, 342 Or 474 (2007). As for the decision to dismiss with prejudice, we review that aspect of the ruling for "abuse of discretion and will affirm the court's ruling unless its decision is not within the range of lawful alternatives." *Seabold Construction v. Koz 2211 SW 4th Avenue*, 344 Or App 688, 698, 582 P3d 212 (2025).

Assuming as true the allegations in the first amended complaint, and viewing those allegations and all reasonable inferences from them in the light most favorable to plaintiff, we conclude that the trial court did not commit legal error in dismissing for failure to state a claim. The complaint does not clearly identify the specific claims asserted, but the gravamen of the complaint is that the clinic and its employee committed medical malpractice and that defendants are liable for plaintiff's resulting injury because they referred her to the clinic.

The difficulty for plaintiff is that she has not alleged facts sufficient, if proved, to make these defendants liable for any malpractice by the clinic. Neither defendant provided any medical care to plaintiff themselves. As for the referral, plaintiff was referred only for a hearing test. She

alleges that defendants should have been thinking about ear wax when they referred her for the hearing test, given the prevalence of ear wax in senior citizens. However, the facts alleged would be insufficient, if proved, to establish that it was foreseeable when plaintiff was referred for a hearing test that a clinic employee would perform an unlicensed ear wax removal procedure during the hearing test. In short, to state a claim against defendants based on negligence by the clinic, the complaint would need to identify a specific legal theory and allege facts sufficient to prove that theory, and the first amended complaint fails to do that.[1]

As for the dismissal being with prejudice, plaintiff touches on that issue but does not develop an argument, so it is unclear whether she challenges that aspect of the ruling. If so, we conclude the trial court did not abuse its discretion in that regard, given that plaintiff had previously been allowed to amend her complaint after failing to state a claim and has not identified anything in the record suggesting that she would have been able to state a claim if given another opportunity to amend. *See Seabold Construction*, 344 Or App at 698 (the trial court did not abuse its discretion by dismissing with prejudice, where the plaintiff had already been given an opportunity to amend to state a claim and failed to do so and where the record suggested that the deficiencies could not be cured by amendment).

Having concluded that the trial court did not commit legal error in dismissing the complaint under ORCP 21 A(1)(h), and that it did not abuse its discretion in doing so with prejudice, we affirm.

Affirmed.

---

[1] To the extent that plaintiff also claimed a breach of contract, or a privacy violation, the alleged facts were insufficient to state those claims as well.